UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**SHIRLEY A. LACY,**

    **Plaintiff,**

                                                **Case No. 03-70870**

v.

                                                **HONORABLE DENISE PAGE HOOD**

**KEMPER NATIONAL SERVICES, INC.,
ADMINISTRATOR OF THE HENRY FORD
HEALTH SYSTEM FLEX BENEFITS PLAN,**

    **Defendant.**
_____/

**ORDER REGARDING PLAINTIFF'S STATEMENT
FOR ATTORNEY'S FEES AND COSTS**

This matter is before the Court on Plaintiff's Statement for Attorney's Fees and Costs, filed October 26, 2004. Defendant Kemper National Services, Inc. filed a Response on November 12, 2004. For the reasons set forth above, the Court awards Plaintiff attorney's fees in the amount of $6,138.88.

Under 29 U.S.C. § 1132(g)(1), the Court has discretion to order reasonable attorney fees to either party in an ERISA action. In deciding whether awarding such fees is appropriate, the Court evaluates five factors. The factors are: (1) the degree of the opposing party's culpability or bad faith, (2) the opposing party's ability to satisfy a fee award, (3) the deterrent effect of a fee award on others under similar circumstances, (4) whether the party requesting the fee sought to confer a common benefit on all ERISA plan participants and beneficiaries or sought to resolve a significant legal question regarding ERISA, and (5) the relative merits of the parties' positions. *Schwartz v. Gregori*, 160 F.3d 1116, 1119 (6th Cir. 1998). No one factor is determinative. *Id*.

In an Order filed October 6, 2004, the Court accepted Magistrate Judge Wallace Capel, Jr.'s

Report and Recommendation and granted Plaintiff's Motion for Attorney Fees and Costs. The lone remaining issue is the amount of fees and costs to be awarded to Plaintiff.

Plaintiff seeks a total of $16,189.92 in fees and costs. (Pl.'s State. for Attorney Fees and Costs at 2.) Plaintiff retained her counsel under a contingent fee agreement, wherein Plaintiff's counsel is entitled to one-third of Plaintiff's recovery. (Id. at 1-2.) Plaintiff's counsel calculates the amount requested by adding the short-term disability payments due, the long-term disability payments due, and the costs associated with litigating this matter. (Id. at 2.) Defendant does not dispute the $8,894.40 owing for short-term disability benefits. (Def.'s Resp. at 3.)

Defendant does refute the $39,675.37 in long-term disability benefits used by Plaintiff's counsel to calculate the requested fees. Plaintiff's counsel calculates the long-term payments owed through the date of filing the Motion for fees and costs, May 3, 2004. Defendant contends the appropriate end date is actually the date on which Plaintiff commenced her action, March 6, 2003. As a result, Defendant alleges the proper contingent fee is $6,138.88.

Defendant cites *Kontovich v. United States*, 99 F.2d 661 (6th Cir. 1938), in which the court addressed the payment of periodic installments under an insurance policy. (Def.'s Resp. at 1.) The Seventh Circuit cited *Kontovich* in stating, "it was erroneous to grant recovery for any time after commencement of the suit, and so hold in view of the overwhelming authority in support of this conclusion." *Morgan v. Aetna Life Ins. Co.*, 157 F.2d 527, 529 (7th Cir. 1946). The *Morgan* court reasoned this conclusion "seems to be a matter of policy or substantive law that contracts providing for installment payments, the payments of which is predicated upon certain conditions precedent, can not be enforced until due, unless there be complete repudiation or renunciation of the contract . . . ." *Id.* As the insurance contract presently at issue calls for just such installment payments,

*Morgan* and *Kontovich* apply.  The Court holds Plaintiff is only entitled to recover through the date she commenced her action.

Defendant argues, in the alternative, that Plaintiff should only be awarded fees calculated using an hourly fee calculation.  (Def.'s Resp. at 4.)  Plaintiff's counsel states his regular hourly rate is $200; Defendant does not challenge this rate.  Plaintiff's counsel reports 23.50 hours spent on this case, for a total of $4,869.51 under the hourly fee calculation method.  The Court finds the contingency agreement between Plaintiff and her counsel provide the more appropriate measure of attorney's fees.  As such, Plaintiff is entitled to an award of $6,138.88 in attorney's fees plus $169.51 in costs, for a total award of $6,308.39.

Accordingly,

IT IS ORDERED that Plaintiff be awarded $6,308.39 in attorney's fees and costs.


   /s/ Denise Page Hood  
DENISE PAGE HOOD  
United States District Judge

DATED:   July 13, 2005